| | |
|---|---|
| Brian T. Peterson, WSBA # 42088<br>K&L GATES LLP<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104-1158<br>(206) 623-7580 | Honorable Whitman L. Holt<br>Chapter 11<br>Hearing Date: February 25, 2025<br>Response Due: At time of Hearing<br>Location: Telephonic |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| AMITY COURT LLC,<br><br>Debtors. | Chapter 11<br><br>Lead Case No. 25-00240-WLH<br><br>**OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING** |

Axos Bank ("Axos"), by and through its undersigned counsel, hereby submits this objection ("Objection") to the *Debtor's Emergency Motion for Order (1) Authorizing Interim Use of Cash Collateral, (2) Granting Adequate Protection, and (3) Setting Final Hearing* ("Cash Collateral Motion") (Dkt. No. 6). In support of this Objection, the Axos respectfully states as follows:

## I. INTRODUCTION

The Debtor is a single asset real estate entity. Axos is the Debtor's secured creditor, and holds a valid, first-priority lien on the Debtor's real property, a commercial office building in Bellevue, and rental income generated by the real property. The Debtor's only source of revenue is rental income constituting Axos' collateral. In requesting authority to use Axos' cash collateral, the Debtor does not propose to make any adequate protection payments to Axos. The Debtor has failed to establish its burden to demonstrate that Axos is adequately protected. Nor

OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING - 1

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

509043563.7

25-00240-WLH11    Doc 13    Filed 02/24/25    Entered 02/24/25 18:39:40    Pg 1 of 8

has the Debtor demonstrated that the expenses in its proposed interim budget, which include payments to the property management company owned and operated by the Debtor's insiders, are necessary or reasonable under the circumstances.

Any authorization of the Debtor's interim use of cash collateral by the Court must be conditioned on the imposition of a weekly financial reporting obligation on the Debtor; requiring adequate protection payments to Axos of no less than $13,500 per month; and limiting budget expenses to payments necessary to preserve and maintain the real property. In particular, the Debtor should not be allowed to expend cash collateral to pay its insider property management company without establishing the necessity and reasonableness of such compensation.

## II. BACKGROUND

1. On September 22, 2021, Axos and the Debtor entered into a Secured Promissory Note (the "Note") evidencing a loan made by Axos to the Debtor in the principal amount of $5,000,000 (the "Loan"). *Declaration of Thomas M. Constantine in Support of Limited Objection* (the "Decl. Constantine"), ¶ 2.

2. The Debtor's obligations under the Note are secured by a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Deed of Trust") dated September 22, 2021, and recorded in the King County Auditor's records on September 28, 2021, under recording number 20210928002100. *See Id.* at ¶ 3.

3. The Deed of Trust grants Axos a security interest in the Debtor's real property located at 14400 Northeast Bellevue-Redmond Road, Bellevue, Washington 98007 (the "Real Property") and any improvements thereto; all personal property located on, attached to, or used in connection with the Real Property; all leases of the Real Property; and all rents, income, profits, and proceeds generated in connection with the Real Property. The Bank's collateral constitutes substantially all of the assets of the Debtor. *Id.* at ¶ 4.

4. The Debtor is in default under the terms of the Note and Deed of Trust for failing

OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING - 2

509043563.7

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

25-00240-WLH11   Doc 13   Filed 02/24/25   Entered 02/24/25 18:39:40   Pg 2 of 8

to pay amounts due and owing under the Note. The Debtor failed to make the payment due on April 1, 2024, and all subsequent monthly payments thereafter. In addition, the Note matured on October 1, 2024, and the Debtor defaulted under the Note by failing to pay the Note in full upon maturity. *Id.* at ¶ 6.

5. Under the terms of the Note, interest accrued on the unpaid principal from the payment due date of the first such unpaid monthly installment at the default rate of 18%, beginning on April 1, 2024. Axos has advanced a total of $56,527.90 for property taxes owed in connection with the Real Property. Such amounts are recoverable under the terms of the Note. As of January 3, 2025, the Debtor owed an estimated total amount of $5,629,380.77, not including legal fees. *Id.* at ¶ 7. Curiously, the Debtor has not made a single payment to Axos since April of 2024 and has only $30,000 in cash on hand.

6. Interest accrues on the principal balance of the Note at the default rate of 18%, which is $2,412.50 per diem and $72,375.00 per month. *Id.* at ¶ 11.

7. Under the appraisal commissioned by Axos, which is attached to the *Declaration of Stanley Xu in Support of First Day Motions* [Dkt. No. 10] ("Decl. Xu") as Exhibit A, the income capitalization approach to valuation resulted in a valuation of $4,610,000, and the sale comparison approach resulted in a valuation of $4,520,000. Only the land valuation approach, based on the site's redevelopment potential, resulted in an appraised value of $7,780,000. The Debtor's principal criticized the use of the land valuation approach in correspondence with Axos representative Cassidy Rodgerson. *See Declaration of Cassidy Rodgerson in Support of Limited Objection* ("Decl. Rodgerson").

8. On January 28, 2025, Axos filed a motion for appointment of a general receiver over the Debtor in King County Superior Court, Case No. 25-2-02385-1. In opposition to the motion for appointment of a general receiver, the Debtor filed a Declaration in which he stated that the "financial performance of the property deteriorated as business and employees continued to work remotely after Covid" and that "[b]y 2023, a number of good tenants either

OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING - 3

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

509043563.7

25-00240-WLH11    Doc 13    Filed 02/24/25    Entered 02/24/25 18:39:40    Pg 3 of 8

left when their leases expired (so they could continue work remotely) or they negotiated lower rent based on market conditions." *See* Decl. Constantine, Ex. E. In addition, Mr. Xu admitted that he began marketing the property for sale in April 2024. Mr. Xu stated that he negotiated a confidential letter of intent to sell the Real Property, but he never filed the letter of intent with the King County Superior Court or shared it with Axos. Hours before the hearing on Axos' motion to appoint a general receiver, the Debtor filed its bankruptcy petition and stayed the King Count Superior Court receivership action.

### III. ARGUMENT

#### A. The Debtor Fails to Provide Adequate Protection to Axos Bank.

Section 363(c)(2) of the Bankruptcy Code prevents a debtor from using cash collateral unless (i) the entity that asserts an interest in such cash collateral consents or (ii) a bankruptcy court authorizes such use after notice and a hearing. Meanwhile, Section 363(e) of the Bankruptcy Court, provides that "on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court . . . shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. 11 U.S.C. § 363(e). Accordingly, the Bankruptcy Court should authorize the Debtor's use of cash collateral if Axos Bank's interest in such cash collateral is adequately protected.

It is the Debtor's burden of proof to establish that Axos is adequately protected for purposes of using its cash collateral. *In re Hari Ram, Inc.*, 507 B.R. 114, 120 (Bankr. M.D. Pa. 2014) (citing *Resolution Trust Corp. v. Swedeland Dev. Grp., Corp. (In re Swedeland Dev. Grp., Inc.)*, 16 F.3d 552, 564 (3d Cir. 1994)); 11 U.S.C. § 363(p)(1). Section 361 of the Bankruptcy Code states that adequate protection may be provided in the form of a cash payment or periodic cash payments, an additional or replacement lien, or such other relief as will result in the realization of the indubitable equivalent of the secured creditor's interest in such property.

The Debtor's Cash Collateral Motion suggests that Axos' interest in the cash collateral will be adequately protected by Axos' equity cushion in the Debtor's real property, and

OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING - 4

509043563.7

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

25-00240-WLH11    Doc 13    Filed 02/24/25    Entered 02/24/25 18:39:40    Pg 4 of 8

replacement liens in postpetition collateral. Axos Bank disagrees.

*First,* the Debtor has failed to meet its burden demonstrating that Axos is adequately protected by an equity cushion. According to the appraisal relied on by the Debtor, the income capitalization approach to valuation results in an appraised value of $4,610,000, and the sales comparison approach results in a valuation of $4,520,000. Both approaches value the Real Property according to its present use as a commercial office building. ***In fact, the Debtor's principal Stanley Xu admitted in an email to Axos Bank that the land value the Debtor now relies on overvalues the Debtor's property***. Even if there were an equity cushion in the Real Property, such cushion is rapidly deteriorating as interest accrues on the principal balance of the Note at the default rate of 18%, which is $72,375.00 per month.

*Second,* the Debtor's offer of replacement liens is illusory. The Bankruptcy Code already grants Axos replacement liens on the Debtor's postpetition rents as a matter of law pursuant to Section 552(b)(1) of the Bankruptcy Code. In *Hari Ram*, the court denied the use of cash collateral involving a hotel property and rejected the debtor's argument that replacement liens constitute adequate protection. According to the Court, the prepetition security interest in hotel room revenues continued to attach to postpetition revenues under 552(b) and therefore "the offer of a replacement lien on the post-petition rents is meaningless because the creditor already has a lien on those assets." *In re Hari Ram, Inc.*, 507 B.R. at 125; *see also In re Buttermilk Towne Center, LLC*, 442 B.R. 558, 566 (6th Cir. BAP 2010) (holding that future rents do not provide adequate protection for the debtor's expenditure of prior months rents); *In re Las Torres Dev., LLC*, 413 B.R. 687, 696-97 (Bankr. S.D. Tex. 2009) (stating that it was "disingenuous" to offer replacement lien on postpetition rents because lender already had lien on rents); *In re Chatham Parkway Self Storage, LLC*, 2013 WL 1898058, at *5 (Bankr. S.D. Ga. Apr. 25, 2013) (replacement liens in rents were "illusory" given that Section 552(b) provides lien on postpetition rents).

OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR
ORDER (1) AUTHORIZING INTERIM USE OF CASH
COLLATERAL, (2) GRANTING ADEQUATE PROTECTION,
AND (3) SETTING FINAL HEARING - 5

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

509043563.7

25-00240-WLH11    Doc 13    Filed 02/24/25    Entered 02/24/25 18:39:40    Pg 5 of 8

**B.      The Debtor Fails to Establish that all of its Budget Expenses are Necessary or Reasonable.**

The Debtor requests authority to use Axos' cash collateral in accordance with the budget attached to the Decl. Xu as Exhibit E. The Declaration does not offer any evidence of the necessity and reasonableness of the expenses in Exhibit E. For instance, the Debtor does not explain why repair expenses are budgeted as $4,970.00 in the final two weeks of February and why they are $2,500 per month thereafter. Nor does the Debtor explain the necessity or reasonableness of paying a management fee to its insider property management company "Longwell," which Stanley Xu admits is co-owed by him and his wife. For the interim period, any authorized expenses must be limited to other expenses directly related to maintenance and preservation of the Real Property and continued rental income generated thereby.

**C.      Any Order Authorizing Use of Cash Collateral Must be Conditioned on Additional Protections for Axos.**

Axos Bank does not consent to the use of its cash collateral on the terms proposed by the Debtor. To the extent that the Court grants the Debtor authority to use cash collateral, such authorization should be conditioned on the following protections for Axos:

- Free cash flow should be used to make adequate protection payments to Axos Bank. According to the Debtor's budget, it will have between $15,848.30 and $20,285.30 in free cash flow per month. In addition, the Debtor has more than $30,000 in cash on hand. The Debtor should make adequate protection payments to Axos in the amount of at least $13,500 per month beginning this month.

- The Debtor should not be permitted to pay its insider property management company. Nor should it be authorized to make repairs to the Real Property that exceed $1,500 per month without either (i) further relief from the Court; or (ii) approval by Axos.

- The Debtor should be required to provide Axos with an accounting, on a weekly basis, of all revenue, expenditures, bank account information, and collections with

OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING - 6

509043563.7

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

25-00240-WLH11    Doc 13    Filed 02/24/25    Entered 02/24/25 18:39:40    Pg 6 of 8

descriptions of any variances from the budget by way of filing monthly operating reports with the Court and providing a variance report to Axos Bank.

- The interim cash collateral order shall set a further hearing on the use of cash collateral in a month and nothing in the order shall be deemed a waiver by Axos from seeking further or additional adequate protection of its collateral, asserting objections to the Debtor's further use of cash collateral, filing any motions or objections to the use of cash collateral, or pursuing any other rights or remedies available to Axos under law or equity.

- The challenge period of one hundred twenty (120) days from the date of the entry of the interim order should be reduced to sixty (60) days, which is more than enough time for any party in interest to evaluate Axos' lien rights.

### III. CONCLUSION

Axos Bank has serious concerns regarding the viability of this case given the performance of the Real Property as a commercial office building and inability of the Debtor to generate sufficient revenues to cover interest accruals on Axos' loan. Any authorization of the use of cash collateral should be conditioned on the imposition of the additional protections set forth herein and should be subject to a subsequent hearing on the use of cash collateral in a month's time.

DATED this February 24, 2025.

K&L GATES LLP

*/s/ Brian T. Peterson*
Brian T. Peterson, WSBA # 42088
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
Telephone: (206) 623-7580
Email: brian.peterson@klgates.com

*Attorneys for Axos Bank*

OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING - 7

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

509043563.7

25-00240-WLH11    Doc 13    Filed 02/24/25    Entered 02/24/25 18:39:40    Pg 7 of 8

# CERTIFICATE OF SERVICE

I certify that on February 24, 2025, I caused a copy of the foregoing Objection to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Washington.

*/s/Brian T. Peterson*
Brian T. Peterson, WSBA #42088

OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR ORDER (1) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (2) GRANTING ADEQUATE PROTECTION, AND (3) SETTING FINAL HEARING - 8

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WA 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

509043563.7

25-00240-WLH11   Doc 13   Filed 02/24/25   Entered 02/24/25 18:39:40   Pg 8 of 8