JAMES L. DAY (WSBA #20474)
LESLEY BOHLEBER (WSBA#49150)
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101
Tel: (206) 292-2110
jday@bskd.com;
lbohleber@bskd.com

HONORABLE WHITMAN L. HOLT

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| AMITY COURT LLC, | Case No. 25-00240-WLH |
| Debtor. | DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION |

Amity Court LLC (the "<u>Debtor</u>"), debtor-in-possession in the above-captioned bankruptcy case, proposes the following Plan of Liquidation (the "<u>Plan</u>") pursuant to Subchapter II of Chapter 11 of the Bankruptcy Code:

## ARTICLE I.
## DISCLOSURE STATEMENT

The Debtor has filed a Disclosure Statement pursuant to 11 U.S.C. § 1125, Bankruptcy Rule 3016(c) and Local Rule 3017-1. The Disclosure Statement has been approved by the Bankruptcy Court prior to this Plan being submitted to creditors. The Disclosure Statement provides useful information to aid and assist creditors in voting on the Plan. YOU ARE URGED TO READ THE DISCLOSURE STATEMENT WITH CARE IN EVALUATING THE IMPACT OF THE PLAN UPON YOUR CLAIMS.

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION –
Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2876 ii05d201n7

# ARTICLE II.
## DEFINITION OF TERMS

**A.     Definitions**

A term used in this Plan that is not defined below and that is defined in the Bankruptcy Code shall have the meaning ascribed in the Bankruptcy Code.  When used in this Plan, the following terms shall have the meanings specified below, unless the context otherwise requires:

1.     <u>Administrative Expense Claim</u>:  An Allowed Claim entitled to priority under § 507(a)(2) of the Bankruptcy Code, including (a) claims incurred by the Debtor since the Petition Date and allowed by the Court of a type described in § 503(b) of the Code; (b) all Allowed Claims of Professional Persons pursuant to §§ 330 and 331 of the Code and Bankruptcy Rule 2016; and (c) all fees and charges assessed against the Estate under 28 U.S.C. § 1930.

2.     <u>Allowed Claim</u>:  Any Claim in the amount and of the priority classification set forth in the proof of such Claim that has been filed timely in the Bankruptcy Case, or in the absence of such proof, as set forth in the Debtor's schedules of liabilities filed in the Bankruptcy Case, unless:

(i) such Claim has been listed in such schedules as disputed, contingent, or unliquidated, in which case such Claim shall be allowed only in such amount and such classification as is authorized by Final Order of the Bankruptcy Court;

(ii) such Claim has been objected to or is objected to after Confirmation, in which case such claim is authorized by Final Order of the Bankruptcy Court; or,

(iii) such Claim has been paid in full, withdrawn, or otherwise deemed satisfied in full.

3.     <u>Assumed Lease Party(ies)</u>: Longwell Company and the Lessees.

4.     <u>Avoidance Actions</u>:  Any Claim or cause of action of the Estate arising out of or maintainable pursuant to Chapter V of the Bankruptcy Code or under any other similar applicable law.

5.     <u>Ballot</u>:  The form for acceptance or rejection of the Plan distributed to those Creditors entitled to vote on the Plan.

6.     <u>Bankruptcy Case</u>:  The chapter 11 case of the Debtor pending before the Bankruptcy Court under Case No. 25-00240-WLH, whether prior to or following the Effective Date.

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION –
Page 2

Bush Kornfeld llp
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2876 ii05d201n7

7. <u>Bankruptcy Code or Code</u>:  The Bankruptcy Code enacted November 6, 1978, as set forth in Title 11 of the United States Code, and as amended thereafter.

8. <u>Bankruptcy Court or Court</u>:  The United States Bankruptcy Court for the Eastern District of Washington, at Yakima, before which the Bankruptcy Case is pending, or if that Court ceases to exercise jurisdiction over the Bankruptcy Case, the Court that does exercise jurisdiction.

9. <u>Bankruptcy Rules</u>:  The Federal Rules of Bankruptcy Procedure.

10. <u>Business Day</u>:  Any day except Saturday, Sunday or a "legal holiday" as defined in Bankruptcy Rule 9006(a)(6).

11. <u>Cash</u>:  Cash or cash equivalents including, but not limited to, bank deposits, wire transfers, checks, and other similar items.

12. <u>Claim</u>:  A claim as defined in § 101(5) of the Bankruptcy Code.

13. <u>Claims Bar Date</u>:  April 22, 2025, the deadline for filing Proofs of Claim in this Bankruptcy Case by all Persons other than Governmental Units; and August 11, 2025, the deadline for filing Proofs of Claim by Governmental Units.

14. <u>Class</u>:  A class of Claims or Interests as defined in Article III of this Plan.

15. <u>Class 1 Claim</u>:  Has the meaning set forth in Section IV.B.1 of the Plan.

16. <u>Class 2 Claim</u>:  Has the meaning set forth in Section IV.B.2 of the Plan.

17. <u>Class 3 Claim</u>:  Has the meaning set forth in Section IV.B.3 of the Plan.

18. <u>Class 4 Claim</u>:  Has the meaning set forth in Section IV.B.4 of the Plan.

19. <u>Class 5 Claim</u>:  Has the meaning set forth in Section IV.B.5 of the Plan.

20. <u>Confirmation</u>:  The entry of the Confirmation Order by the Bankruptcy Court.

21. <u>Confirmation Order</u>:  The order of the Bankruptcy Court confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

22. <u>Creditor</u>:  A "creditor" within the meaning of § 101(10) of the Bankruptcy Code.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2876 ii05d201n7

23. <u>Debtor</u>: Amity Court LLC, the debtor in possession in this Bankruptcy Case.

24. <u>Disputed Claim</u>: A filed or scheduled Claim of an alleged creditor that was listed in a Debtor's Schedules as "disputed," and which has not subsequently been allowed, or as to which a party-in-interest has filed an objection.

25. <u>Docket No.</u>: The identifying number of the relevant document as reflected on the docket for the Bankruptcy Case that is maintained by the Bankruptcy Court.

26. <u>Effective Date</u>: The first Business Day that is at least three (3) Business Days following the entry of the Confirmation Order.

27. <u>Equity Interest</u>: An equity interest in the Debtor.

28. <u>Estate</u>: The Estate created for the Debtor pursuant to § 541 of the Bankruptcy Code.

29. <u>Exculpated Parties</u>: The Debtor, the Holder of the Class 1 Claim, and each of their members, attorneys, consultants, financial advisors, accountants, and other advisors and agents (acting in such capacity).

30. <u>Federal Judgment Rate</u>: The rate of interest accruing on judgments by federal district courts pursuant to 28 U.S.C 1961(a), calculated as the weekly average 1-year constant maturity Treasury yield, as published by the Federal Reserve System each Monday for the preceding week.

31. <u>Governmental Unit</u>: A "governmental unit" as defined in § 101(27) of the Bankruptcy Code.

32. <u>Guarantors</u>: Stanley Xu, Nanling Chen, and X & C Holdings, LLC, the guarantors on the Loan. Mr. Xu and Ms. Chen hold all the equity in X & C Holdings.

33. <u>Holder</u>: A holder of a Claim or Equity Interest as the case may be.

34. <u>Lease(s)</u>: A Lease Agreement or similar agreement regarding an office unit in the Property, as set forth in <u>Exhibit A</u>.

35. <u>Lender</u>: Bel Red Credit, LLC, successor in interest to Axos Bank, the original lender on the Loan.

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION –
Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

36.     <u>Lessees</u>:  Collectively, the existing or future lessees of space in the Property under a Lease.

37.     <u>(The) Loan</u>:  A loan from Axos Bank to the Debtor in the original principal amount of $5,000,000, as evidenced by the Loan Documents and to which the Lender is the current beneficiary.

38.     <u>Loan Documents</u>:  All documents evidencing, memorializing or referring to the Loan, including without limitation (i) a Secured Promissory Note, dated September 22, 2021, in the original principal amount of $5,000,000, (ii) a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated September 22, 2021, that was recorded on September 28, 2021 under King County Auditor's No. 20210928002100 as an encumbrance against the Property (the "<u>Deed of Trust</u>"); and (iii) the Reserve Pledge and Security Agreement dated September 22, 2021.  Each of the Guarantors guaranteed the payment and performance of the Class 1 Claim.

39.     <u>Local Rule(s)</u>: The local rules of procedure established by the Bankruptcy Court.

40.     <u>Management Contract</u>: The Commercial Property Management Agreement dated January 3, 2022 between the Debtor and Longwell Company.

41.     <u>Net Proceeds</u>:  The gross cash proceeds from the sale or refinance of the Property, less (as applicable) real estate commissions and related expenses; brokerage commissions and fees; taxes that arise and become payable solely in connection with such sale or refinance; and all closing costs, escrow fees, title insurance premiums and other expenses for which the Debtor is liable.

42.     <u>Notice and Hearing</u>:  Proceedings as contemplated under Bankruptcy Code § 102(1).

43.     <u>Petition Date</u>:  February 11, 2025, the date upon which the Debtor commenced its Bankruptcy Case.

44.     <u>Plan</u>:  The Debtor's Plan of Liquidation, as such may be amended from time to time.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

45.    Plan Maturity Date:  The first Business Day that that is twelve months following the Effective Date.

46.    Post-Confirmation Debtor:  The Debtor on and following the Effective Date.

47.    Priority Tax Claims:  Allowed Claims of Governmental Units for the principal amount of a tax within the meaning of § 507(a)(8) of the Code, and statutory interest accruing thereon prior to the Petition Date.

48.    Professional Person:  A person, including a trustee (if one is appointed), retained or to be compensated pursuant to §§ 326, 327, 328, 330, and/or 1103 of the Bankruptcy Court.

49.    Property: The real property and improvements located at 14400 NE Bellevue-Redmond Road, Bellevue Washington, 98007, including a two-story 17,286 SF office building.

50.    Property Income:  The rents, fees and other income generated from operating the Property.

51.    Pro Rata: The proportion an Allowed Claim or an Allowed Interest in a particular Class bear to the aggregate amount of all Allowed Claims or Allowed Interests in such Class.

52.    Secured Claim:  An Allowed Claim that is a secured Claim against a Debtor determined in accordance with § 506(a) of the Bankruptcy Code.

53.    Schedules:  The schedules of assets, liabilities and executory contracts and the statement of financial affairs filed on behalf of the Debtor pursuant to § 521 of the Bankruptcy Code, and in accordance with the Bankruptcy Rules, as each has been, or may be, amended and supplemented from time to time.

54.    SOFR Rate: The secured overnight financing rate, as published by the Federal Reserve Bank of New York on the Federal Reserve Bank of New York's website at http://www.newyorkfed.org, that is in effect from time to time on and following the Effective Date.

55.    (A) Transaction:  The closing of a sale of the Property or a refinancing of existing indebtedness, in either case in an amount sufficient to pay all Allowed Claims in full.

56.    Unsecured Claim:  An Allowed Claim that is (a) based upon (i) a proof of claim executed and filed in accordance with Bankruptcy Rule 3003(c) prior to the

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION –
Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2876 ii05d201n7

Claims Bar Date, or (ii) the listing of the Claim in the Debtor's schedules of liabilities as other than disputed, contingent or unliquidated, and (b) not a Secured Claim or an Unclassified Claim.

**B.     Rules of Interpretation**

The rules of construction set forth in § 102 of the Bankruptcy Code shall apply to the Plan.

**ARTICLE III.**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

All Claims, as defined in § 101(5) of the Bankruptcy Code, against the Debtor are classified as set forth herein. A Claim is in a particular Class only to the extent it qualifies within the definition of such Class and is in a different Class to the extent it qualifies within the definition of such different Class.

Class 1:  Secured Claim of Lender
Class 2:  Unsecured Claims of Lessees
Class 3:  General Unsecured Claims
Class 4:  General Unsecured Claims of Insiders
Class 5:  Equity Interests

**ARTICLE IV.**
**PROVISIONS FOR SATISFYING CLAIMS AND SPECIFYING**
**TREATMENT OF EACH CLASS UNDER THE PLAN**

The treatment of all Allowed Claims and Allowed Interests shall be as follows:

**A.     Unclassified Claims**

As set forth above, there are four Classes of Claims and one Class of Equity Interests, and certain other Claims are Unclassified Claims pursuant to applicable provisions of the Bankruptcy Code. If the Court confirms the Plan and the Plan becomes effective, the Class into which each Allowed Claim and Allowed Interest fits will determine the manner in which such Allowed Claim or Allowed Interest will be treated. The treatment of each of the Classes is set forth below.

1.     <u>Unclassified Claims</u>.

a.     <u>Administrative Expense Claims</u>. As defined herein, Administrative Expense Claims are (a) claims incurred by the Debtor since the Petition Date and allowed by the Court of a type described in § 503(b) of the Code; (b) all Allowed Claims of Professional Persons pursuant to §§ 330 and 331 of the Code and Bankruptcy

BUSH KORNFELD LLP
LAW OFFICES
601 Union St, Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Rule 2016; and (c) all fees and charges assessed against the Estate under 28 U.S.C. § 1930. Claims incurred in the ordinary course of the Debtor's business following the Petition Date shall be paid in the ordinary course of business in accordance with the terms and conditions of the particular agreements governing such obligations and shall not be separately treated under the Plan. Claims of Professional Persons shall be paid, to the extent funds are available, on the later of the Effective Date or the date each such Claim becomes an Allowed Claim. Any unpaid Claims of Professional Persons shall be paid from Net Sale Proceeds. Claims arising under 28 U.S.C. § 1930 shall be paid as required under such statutory section.

       b.   <u>Priority Tax Claims</u>. As defined under the Plan, Priority Tax Claims are Allowed Claims of Taxing Agencies that are entitled to priority in accordance with section 507(a)(8) of the Bankruptcy Code. Priority Tax Claims include the principal portion of the applicable tax and interest accrued thereon through the Effective Date but do not include any penalties. The Debtor does not believe there are any Priority Tax Claims eligible for treatment under the Plan.

## B. Classified Claims and Interests

### 1. Class 1: Secured Claim of Lender

Class 1 consists of the Secured Claim of Lender (the "<u>Class 1 Claim</u>"), as more fully described below. The Class 1 Claim shall be treated and paid according to the following terms:

       a.   <u>Identification of Claim</u>. The Class 1 Claim is based upon the Loan.

       b.   <u>Allowance of Claim</u>. The Class 1 Claim shall be allowed as of the Effective Date. As of July 31, 2025, the amount of the Class 1 Claim is $6,135,161.42. As of July 31, 2025, the Class 1 Allowed Claim is comprised of the following amounts:

| | |
|---|---:|
| Note Balance | $ 4,825,000.00 |
| Interest due as of 7/31/2025 | $ 666,956.92 |
| Default interest | $ 528,471.71 |
| Late Fees | $ 21,695.36 |
| Outstanding fees | $ 18,357.53 |
| Lender Advance for taxes | $ 60,127.90 |
| Legal fees | $ 14,552.00 |

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION –
Page 8

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

The Confirmation Order shall specify the dollar amount of the Class 1 Claim as of the Effective Date (the "Class 1 Allowed Claim").

      c.    <u>Retention of Security Interest</u>.  The Holder of the Class 1 Allowed Claim shall retain its liens against and security interests in the Property, the Leases and Property Income, until the Class 1 Allowed Claim has been paid in full, including but not limited to the Holder of Class 1 Allowed Claim's Deed of Trust and adequate protection liens granted by the Court's orders authorizing the use of cash collateral in the Bankruptcy Case. Except as expressly provided otherwise in this Plan, the Class 1 Allowed Claim shall continue to be governed and secured by the terms and conditions of the Loan Documents, including all provisions in the Loan Documents that relate to the preservation, protection, repossession or foreclosure of the Property. The Debtor reaffirms all obligations owed to the Holder of the Class 1 Allowed Claim and the liens and security interests held by Holder of the Class 1 Allowed Claim as well as their priority.

      d.    <u>Interest rate</u>:  Interest shall accrue on and following the Effective Date on the Class 1 Allowed Claim at a fixed rate of 18.0% (the "Class 1 Interest Rate"). However, if (i) there is no default under the terms of this Plan that remains uncured following the expiration of any applicable cure period, and (ii) the Class 1 Allowed Claim is paid in full not later than the Plan Maturity Date, then for purposes of determining the amount of such payment the outstanding balance of the Class 1 Allowed Claim shall be recalculated based upon an interest rate equal to the SOFR Rate in effective as of the first day of each month following the Effective Date plus 475 basis points (4.750%)  from the Effective Date to  the date the Class 1 Allowed Claim is paid in full.

      e.    <u>Payments</u>. On and following the Effective Date, the Debtor shall make the following payments on the Class 1 Allowed Claim:

      (1)    <u>Effective Date Payment</u>:  On the Effective Date, the Debtor shall make a one-time payment of $650,000 to be applied to non-default interest.

      (2)    <u>Interest Payments and Maturity</u>: The Debtor shall distribute to the Holder of the Class 1 Allowed Claim monthly payments in the amount of $36,000 each, the first of which shall be due and owing on the tenth (10th) day of the first full month following the Effective Date, and each month thereafter until the Plan Maturity Date.

      (3)    <u>Final Payment</u>:  The Debtor shall pay the Class 1 Allowed Claim in full not later than the Plan Maturity Date. The Debtor shall use commercially reasonable efforts to effectuate a Transaction and cause the Class 1 Allowed Claim to be paid in full as practicable after the Effective Date.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

f.  Plan Effects Cure of Defaults.  On the Effective Date, notwithstanding any defaults or events of default by the Debtor under the Loan Documents that existed or occurred, or were alleged to exist or have occurred, as of the Effective Date, any rights and remedies associated with, arising from or related to any and all such defaults, shall be wholly and fully subject to the terms of the Plan and, absent the occurrence of a default under the Plan, there shall be no basis for the assertion of a default following the Effective Date.  Notwithstanding the foregoing, nothing in this Plan shall alter the rights of the Holder of the Class 1 Claim with respect to any non-Debtor party, including without limitation as against the Guarantors.

g.  Property Taxes.  The Debtor shall timely pay the full amount of all real property taxes related to the Property that accrue following the Effective Date.

h.  Conditional Waiver of Default Interest. If the Debtor pays the Class 1 Allowed Claim in full on or before the following dates, the Holder of the Class 1 Allowed Claim will waive a portion of the default interest that has accrued as of the Effective Date as set forth below:

(1)  Payment in full within four (4) months of the Effective Date: 60% of accrued default interest waived;

(2)  Payment in full within six (6) months of the Effective Date: 40% of accrued default interest waived;

(3)  Payment in full within eight (8) months of the Effective Date: 30% of accrued default interest waived;

(4)  Payment in full within ten (10) months of the Effective Date: 20% of accrued default interest waived;

i.  Impairment.  Class 1 is impaired under the Plan.  Pursuant to § 1129(b) of the Bankruptcy Code, in the event Class 1 does not accept the Plan, the Debtor requests that the Court confirm the Plan without the consent of Class 1.

**2.  Class 2:  Unsecured Claims of Lessees.**

Class 2 consists of the Unsecured Claims of Lessees (the "Class 2 Claims") in the maximum amount of $32,259.21.  Each Holder of a Class 2 Claim shall receive from the Debtor or Post-Confirmation Debtor the refund of the full amount of its applicable security deposit in accordance with the terms of the applicable Lease, when and as due.

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION –
Page 10

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2876 ii05d201n7

Class 2 is unimpaired under the Plan.

**3.    Class 3:  Allowed General Unsecured Claims.**

Class 3 consists of all Allowed Unsecured Claims of non-Insider Holders (each, a "Class 3 Claim"). The Class 3 Claims shall be treated as follows:

a.    <u>Allowance of Claims</u>.  Each Class 3 Claim shall be allowed or disallowed, as the case may be, whether prior to or following Confirmation, in such amount as to which the Debtor and the claimant may agree or the Court may approve following Notice and Hearing.  The Debtor believes that all Class 3 Claims total approximately $124,808.23, without regard to any defenses, setoffs or counterclaims the Debtor may hold as to any such Claims.

b.    <u>Payment Terms</u>.  Each Holder of a Class 3 Claim shall be paid in full upon the sale of the Property in a single payment from Net Sale Proceeds.

c.    <u>Interest rate</u>:  Interest shall accrue on each Class 3 Claim following the Effective Date at the Federal Judgment Rate until paid in full.

d.    <u>Impairment</u>.  Class 3 is impaired under the Plan.  Pursuant to § 1129(b) of the Bankruptcy Code, in the event Class 3 does not accept the Plan, the Debtor requests that the Court confirm the Plan without the consent of Class 3.

**4.    Class 4:  Allowed General Unsecured Claims of Insiders.**

Class 4 consists of Allowed Unsecured Claims, the Holders of which are Insiders of the Debtor (each, a "Class 4 Claim").  The Class 4 Claims shall be treated as follows:

a.    <u>Allowance of Claims</u>.  Each Class 4 Claim shall be allowed or disallowed, as the case may be, whether prior to or following Confirmation, in such amount as to which the Debtor and the claimant may agree or the Court may approve following Notice and Hearing.  The Debtor believes that all Class 4 Claims total approximately $326,000, without regard to any defenses, setoffs or counterclaims the Debtor may hold as to any such Claims.

b.    <u>Payment Terms</u>.  Each Holder of a Class 4 Claim shall be paid in full upon the sale of the Property in full in a single payment from Net Sale Proceeds,

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION –
Page 11

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

but only to the extent funds remain available following the payment in full of the Class 1 Allowed Claim, Class 2 Allowed Claims (if any) and Class 3 Allowed Claims.

> c.  Interest rate:  Interest shall accrue on each Class 4 Claim following the Effective Date at the Federal Judgment Rate until paid in full.

> d.  Impairment.  Class 4 is impaired under the Plan.  Pursuant to § 1129(b) of the Bankruptcy Code, in the event Class 4 does not accept the Plan, the Debtor requests that the Court confirm the Plan without the consent of Class 4.

### 5.  Class 5:  Allowed Interests of Equity Holders.

Class 5 consists of Equity Interests.  Holders of Equity Interests shall retain such Equity Interests following Confirmation and shall retain and exercise in its discretion all the privileges and benefits arising from such Equity Interests, but shall receive no distributions on account of such interests until all Allowed Claims have been paid in full pursuant to the terms of the Plan.  Any payment to Holders of Equity Interests shall be made pursuant to the terms of their respective Subscription Agreements.

## C.  Impairment of Classes

Classes 1, 3, 4 and 5 are each impaired under the Plan (each, an "Impaired Class"), and Class 2 is unimpaired.  Pursuant to the provisions of § 1129(b) of the Bankruptcy Code, in the event an Impaired Class does not accept the Plan, the Debtor requests that the Court confirm the Plan without the consent of such Impaired Class.

## ARTICLE V.
## CLAIMS OBJECTIONS AND TREATMENT OF DISPUTED CLAIMS

### A.  Administration of Claims

Except as otherwise provided for herein, each Claim shall be allowed or disallowed, as the case may be, in such amount as the Court shall determine, whether prior to or following Confirmation, and whether pursuant to this Plan or otherwise, upon such notice as the Bankruptcy Court or Bankruptcy Rules shall permit except that, after the Effective Date, the Debtor may settle or compromise any controversies regarding Claims without notice or further order of the Court. The deadline to object to Claims shall be sixty (60) days after the Effective Date of the Plan.

### B.  Defenses and Counterclaims Assigned to Post-Confirmation Debtor

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION – Page 12

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2876 ii05d201n7

On the Effective Date, the Debtor shall be deemed to have assigned to the Post-Confirmation Debtor, and the Post-Confirmation Debtor shall be deemed to have acquired and become the successor to, all defenses, counterclaims and setoffs, whether equitable or legal, of the Debtor to Claims held or asserted to be held against the Debtor. Any objection to Claims must be filed and served in accordance with Bankruptcy Rule 3007; provided, however, that the foregoing limitations do not apply to any claims filed subsequent to Confirmation.

**C.     No Distribution on Disputed Claims**

Notwithstanding any provision of the Plan specifying the time for payment of distributions to Holders of Claims, no payment or distribution shall be made to the Holder of a Disputed Claim until the time such Claim has been determined to be an Allowed Claim. Notwithstanding the existence of a Disputed Claim in a Class to which a distribution under this Plan is due, such distribution to other Holders in such Class shall not be affected by any delay in the resolution of the Disputed Claim. Upon the allowance of any Disputed Claim, the Holder shall be paid the amount that such Holder would have received had its Claim been an Allowed Claim on the Effective Date.

**ARTICLE VI.**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The Plan constitutes a motion to assume all executory contracts and unexpired leases of the Estate pursuant to Bankruptcy Code § 365(a), which is comprised solely of (1) the Leases set forth in Exhibit A (each, an "Assumed Lease"); and (2) and the Management Contract. The Debtor does not believe any cure will be due in connection with such assumption and the Plan does not provide for any such cure. Notwithstanding the foregoing, any Assumed Lease Party who asserts that cure shall be due upon assumption of their Lease or Management Contract, as applicable, must file a timely objection to Confirmation of the Plan setting forth an itemized amount such party asserts is due no later than the date fixed for objecting to Confirmation of the Plan, and serve it on (1) counsel for the Debtor; (2) the United States Trustee; and (3) any party having appeared in the Bankruptcy Case. Any counterparty that fails to timely file and/or serve an objection to the proposed assumption of their Lease Management Contract shall be deemed to have consented to assumption without payment of any cure, and any Claim for cure shall be deemed waived and released.

All other executory contracts or unexpired leases – other than the Leases and the Management Contract – shall be deemed rejected, and any Allowed Claim arising from such rejection shall be a Class 3 Claim.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2876 ii05d201n7

# ARTICLE VII.
## MEANS FOR EXECUTION OF THE PLAN

**A.      Overview**

As detailed below, all Allowed Claims will be paid in full from the Net Proceeds from a Transaction.  The Post-Confirmation Debtor shall pay the Class 1 Allowed Claim directly from the closing of a Transaction.

The Debtor shall have until the Plan Maturity Date to consummate a Transaction but shall exercise its best efforts to consummate a Transaction promptly after the Effective Date of the Plan. The Debtor shall, at the request of the Holder of the Class 1 Claim, provide reasonable updates to the Holder of the Class 1 Claim at least every thirty (30) days regarding its efforts to consummate a Transaction. In addition, the Debtor shall provide the Holder of the Class 1 Claim with copies of any offers, letters of intent, or expressions of interest from third parties regarding a sale or refinancing of existing indebtedness in an amount sufficient to pay all Allowed Claims in full, within three (3) business days of receipt. So long as Net Proceeds shall be sufficient to pay all Allowed Claims in full at the closing of the applicable Transaction, the Debtor shall not be need to obtain court approval of such Transaction.

Notwithstanding the foregoing, in the event the Post-Confirmation Debtor has entered into a written contract for the sale of the Property and the Plan Maturity Date would occur prior to the closing of such sale, then the Plan Maturity Date shall be deemed to be extended for a period of not more than sixty (60) calendar days to permit such sale to close.

The Debtor shall timely pay all property taxes due in connection with the Property. In addition, the Debtor must keep the Property insured pursuant to the terms of the Loan Documents.

Any sale of the Property shall be free and clear of all liens, interests and encumbrances, with all such liens, interests and encumbrances attaching to the Net Proceeds in the same priority as currently exist as to the Property and subject to the distribution provisions in the Section VII.C.  The Debtor shall have full and sole discretion to enter into any Transaction on any terms it elects without further notice or order of the Court, provided that Net Proceeds are sufficient in amount to pay all Allowed Claims in full not later than thirty (30) days following the closing of such Transaction.

### 1.      Contributions from Guarantors.

The Guarantors shall contribute funds to allow the Debtor to make the payment due to the Holder of the Class 1 Allowed Claim on the Effective Date. The Guarantors

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION –
Page 14

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

shall also contribute funds to the Debtor as needed to allow the Debtor to make the monthly payments on the Class 1 Allowed Claim required pursuant to Section IV.B.1(e)(2). Any contribution made by the Guarantors shall be deemed a loan and will be repaid only after all Allowed Claims are paid in full.

**B.      Continued Operations of Property**

The Post-Confirmation Debtor shall continue to own, maintain, operate and manage the Property in its sole discretion and in the ordinary course of business without further notice or order of the Court.  So long as it complies with other provisions of this Plan and the order of Confirmation, the Post-Confirmation Debtor shall have full discretion to take any action in connection with all aspects of the operation and maintenance of the Property.

**C.      Distribution of Net Sale Proceeds.**

Net Proceeds shall be distributed as follows:

1.      <u>First</u>, in payment of the entire amount of the Class 1 Claim, including all accrued interest, directly from the closing of the relevant transaction.

2.      <u>Second</u>, to Holders of Administrative Expense Claims.

3.      <u>Third</u>, Holders of Allowed Claims in Class 3, which distribution shall be made not later than thirty (30) days following the Debtor's receipt of such funds.  In the event there are insufficient Net Proceeds remaining to pay all Class 3 Allowed Claims in full, then each Holder of a Class 3 Allowed Claim shall receive its Pro Rata share of such remaining proceeds.

4.      <u>Fourth</u>, Holders of Allowed Claims in Class 4, which distribution shall be made not later than thirty (30) days following the Debtor's receipt of such funds.

The Debtor believes that the value of the Property will result in Net Proceeds in an amount substantially greater than the amount necessary to pay all Allowed Claims in full.

To the extent the sale of the Property occurs before the entry of a final decree, any statutory fees due to the United States Trustee will be paid from escrow at closing or held in Debtor's counsels' trust account as may be agreed upon by the United States Trustee and the Debtor.

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION –
Page 15

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2876 ii05d201n7

## D.    Assignment of Causes of Action

On the Effective Date, the Debtor shall be deemed to have assigned to the Post-Confirmation Debtor, and the Post-Confirmation Debtor shall be deemed to have acquired and become the successor to, (i) all Avoidance Actions, and (ii) all claims and causes of action of the Debtor for relief against any other party other than Avoidance Actions (collectively, the "Causes of Action").  After evaluation of the risks and expense of pursuing such Causes of Action the Post-Confirmation Debtor, in the exercise of ordinary business judgment, shall investigate, pursue, prosecute and/or settle such Causes of Action.  Any net proceeds from such Causes of Action, after payment of all fees, costs and expenses incurred in pursuing such Causes of Action, shall be distributed in the following priority: First, to Holders of Administrative Claims; and second, to Holders of Allowed Claims in Classes 1, 3 and 4 on a Pro Rata basis. No claims, causes of action, offsets, counterclaims, and defenses against the Holder of the Allowed Class 1 Claim, and its predecessor-in-interest Axos Bank, shall be assigned to the Post-Confirmation Debtor and all such claims, causes of action, offsets, counterclaims, and defenses are hereby waived and released pursuant to the terms of this Plan.

## E.    Maintenance of Insurance

The Post-Confirmation Debtor shall continue to maintain insurance coverage for the Property in the same or more favorable amounts and type as the Debtor held as of the Petition Date.

## F.    Continued Existence and Vesting of Assets in Post-Confirmation Debtor

On the Effective Date, the Post-Confirmation Debtor shall continue to exist in accordance with the laws of Washington State and pursuant to its Operating Agreement in effect prior to the Effective Date.  All matters provided for in the Plan involving the corporate structure of the Debtor and any corporate action required of the Debtor or Post-Confirmation Debtor in connection with the Plan shall be deemed to have occurred and shall be in effect without any requirement or further action by the Equity Holders or manager of the Debtor and/or the Post-Confirmation Debtor.  Except as otherwise provided for in the Plan, on and after the Effective Date each item of property of the Debtor, including all claims, rights and causes of action and any property acquired by the Debtor during the Bankruptcy Case shall vest in the Post-Confirmation Debtor free and clear of all Claims, liens, charges, other encumbrances and interests.  On and after the Effective Date, the Post-Confirmation Debtor may own and manage the Property and may use, acquire and dispose of property without supervision of or approval by the Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules other than restrictions expressly imposed by this Plan or the Confirmation Order.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

### G.  Sales Shall Be Free and Clear and Exempt From Transfer Taxes

As part of implementation of the Plan, following Confirmation, the Debtor will sell the Property. No further order of the Court will be necessary to sell the Property. All sales of real property contemplated by the Plan shall be free and clear of all liens, claims, encumbrances, and/or interests of any kind, with the proceeds of sale being paid pursuant to the terms of the Plan. Pursuant to Washington Administrative Code 458-61A-207, the Debtor will be exempt from the imposition of real estate excise taxes that would otherwise be payable under Revised Code of Washington 82.45.060 and/or other applicable law as to any sale of the Property at any time following Confirmation.  Pursuant to 11 U.S.C. § 1146, the LLC's making or delivery of an instrument of transfer as to any Debtor Property following Confirmation may not be taxed under any law imposing a stamp tax or similar tax.

### H.  Distributions Under the Plan

Except to the extent that a distribution is made directly from the closing of a financing or sale transaction, the Debtor shall make all distributions required under the Plan.  All distributions to be made by the Debtor shall be made not later than thirty (30) days following receipt of the funds to be distributed.

### I.  Cancellation of Indebtedness

On the Effective Date, except for the purpose of evidencing a right to distribution under this Plan, any notes or other instruments or documents evidencing or creating any indebtedness or obligations of, or interest in, the Debtor, except assumed executory contracts, and/or such notes or other instruments evidencing indebtedness or obligations of the Debtor that are unimpaired, reinstated, or amended and restated under this Plan, shall be cancelled and terminated and of no further force or effect.

### J.  Forbearance as to Guarantors

The Guarantors reaffirm their obligations under the Guaranty dated September 22, 2021, in which they guaranteed the obligations set forth in the Loan Documents. Provided that no event of default has occurred under the Plan that remains uncured following the expiration of any applicable cure period, and in consideration of the payments to be made by the Guarantors as set forth in Section VII(A)(1) of the Plan, the Holder of the Class 1 Allowed Claim Lender shall forbear from pursuing any collection efforts or initiating any legal action against the Guarantors or otherwise enforcing their legal remedies against the Guarantors pursuant to the Loan Documents until the Plan Maturity Date or any extension thereof, whether pursuant to the terms of this Plan or by agreement of such Holder.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# ARTICLE VIII.
## MISCELLANEOUS PROVISIONS

**A.      Unnegotiated Distribution Checks**

Pursuant to § 347 of the Bankruptcy Code, ninety (90) days after any distribution to any unsecured creditor by the Post-Confirmation Debtor provided for herein, the Post-Confirmation Debtor shall stop payment on any check on such distribution remaining unpaid to a holder of an Allowed Claim and funds shall be returned to the Post-Confirmation Debtor.  From and after the date the Post-Confirmation Debtor stops payment on any distribution check pursuant to this paragraph, the holder of the Allowed Claim on account of which such check was issued shall be entitled to receive no further distributions on account of his claim and such holder's Allowed Claim shall thereupon be deemed satisfied in full.

**B.      Mailing List; Returned Distribution Checks**

The official listing of Creditor identities and mailing addresses is maintained by the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Eastern District of Washington (the "Official Mailing List").  It shall be the obligation of each Creditor and/or party in interest to assure that the Official Mailing List is current and accurate as to each such person or entity.  In the event that a distribution check, that has been properly posted to the creditor's address as set forth in the Official Mailing List, is returned as undeliverable by the United States Postal Service, the Post-Confirmation Debtor shall be authorized, but not required, to void such check with the applicable funds becoming subject to further distribution pursuant to this Plan, and the claim of such Creditor being deemed satisfied in full.

**C.      Administrative Claim Bar Date**

The deadline for submission of all claims entitled to priority pursuant to § 503(b) of the Bankruptcy Code incurred prior to Confirmation, with the exception of fees and costs of Professional Persons, shall be thirty (30) days following the Effective Date. Failure to file a claim by this date shall conclusively bar the claimant from asserting his claim, which claim shall be forever discharged.

**D.      Management of the Debtor**

Following confirmation, Stanley Xu shall continue to manage the Debtor.

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION –
Page 18

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

### E. Employment of Professional Persons

The Post-Confirmation Debtor shall be authorized to employ and compensate Professionals following Confirmation upon such terms as the Post-Confirmation Debtor deems reasonable and appropriate without further notice or order of the Court.

### F. Payments Shall Be Timely

The Post-Confirmation Debtor shall timely make all payments required under this Plan. Without limiting the generality of the foregoing, the Post-Confirmation Debtor shall be responsible for the timely payment of quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6) following confirmation of the plan until the case is closed. After confirmation of the Plan, the Post-Confirmation Debtor shall serve on the United States Trustee quarterly a financial report for each quarter (or portion thereof) the case remains open. The financial report shall include a statement of all disbursements made during the course of the relevant quarter, whether or not pursuant to the Plan.

### G. Treatment of Negotiable Instruments.

Any negotiable instrument held by the holder of a Claim shall be deemed exchanged, canceled or satisfied, as the case may be, on the Effective Date.

### H. Stay of Confirmation Order Shall Not Apply

The stay of enforceability of the order of Confirmation pursuant to Bankruptcy Rule 3020(e) shall not apply, and the order of Confirmation shall be enforceable according to its terms absent further order of the Court.

### I. Exculpation

The Exculpated Parties shall not have or incur any liability to any entity or person for any act taken or omitted to be taken in relation to this Bankruptcy Case from the Petition Date through the Effective Date, including, but not limited to, with respect to the formulation, preparation, dissemination, negotiation, implementation, confirmation, or approval of this Plan, or any contract, instrument, release, or other agreement or document provided for or contemplated in connection with the consummation of any transactions or actions to be taken in connection with this Plan; *provided, however*, that the provisions of this section shall not affect (i) the liability of any entity or person that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2876 ii05d201n7

negligence or willful misconduct; or (ii) any obligations expressly arising under the Plan.

## J.     Event of Default; Consequence of Default

An event of default shall occur if there is a material breach of this Plan. A material breach of this Plan shall include, but not be limited to, the following: (i) failure to make any payment required under this Plan, including but not limited to monthly payments to the Holder of the Class 1 Claim; (ii) failure to timely pay property taxes owed in connection with the Property; (iii) failure to maintain insurance coverage that complies with the terms of the Loan Documents; (iv); failure to reasonably maintain the Property consistent with its current condition and in accordance with the terms of the Loan Documents; and (v) any transfer, mortgage, pledge, hypothecation, lien, or encumbrance of the Property and/or the Property Income that is inconsistent with the terms of this Plan and in violation of the terms of the Loan Documents.  Except as set forth herein, no other Event of Default as defined in the Loan documents shall be deemed an Event of Default under this Plan. In such an event, the party alleging such default shall provide written notice of the alleged default to the Post-Confirmation Debtor and its attorneys, at each of the following addresses:

> Mr. Stanley Xu
> Amity Court LLC
> 14400 NE Bel-Red Road., Suite 204
> Bellevue, WA 98007
> Email: stanley.xu@longwellcompany.com

And:
> James L. Day
> Lesley Bohleber
> Bush Kornfeld LLP
> 601 Union Street, Suite 5000
> Seattle, WA  98101-2373
> Phone: 206-292-2110
> Fax: 206-292-2104
> Emails: jday@bskd.com and lbohleber@bskd.com

If, after thirty (30) days following the Post-Confirmation Debtor's and its counsel's receipt of the notice of default (the "**Cure Period**"), the Post-Confirmation Debtor and such party have been unable to resolve, or the Estate has been unable to cure, the asserted default, such party may proceed with any remedies available to it under applicable law, provided that nothing herein shall limit or affect the Post-Confirmation Debtor's right to seek appropriate relief from any court of competent jurisdiction. For the avoidance of doubt, if a default continues to exist after expiration of the Cure

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION – Page 20

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Period, the Holder of Class 1 Claim shall be entitled to exercise its remedies described in the Loan Documents against the Property that secures the Class 1 Claim, and the provisions of the Loan Documents that allow the Holder of the Class 1 Claim to foreclose on the Property in the event of default and all other provisions of the Loan Documents that relate to the Property shall remain in effect.

**K.    Inconsistencies between the Plan and the Loan Documents**

To the extent that any provision of this Plan conflicts with, is inconsistent with, or otherwise differs from the terms of the Loan Documents, the terms of this Plan shall govern and control.

**ARTICLE IX.**
**PLAN IS BINDING**

Except as specifically provided in this Plan or in the Confirmation Order, the distributions made to the various Classes of Creditors as provided for in this Plan shall be in full and complete satisfaction of their Allowed Claims and Allowed Interests. The terms of this Plan and the Confirmation Order shall be binding on all parties regardless of whether or not (a) the party's Claim was scheduled, (b) a Proof of Claim was filed, (c) the Claim is an Allowed Claim, (d) the party's Claim was in a Class that was impaired, or (e) the Holder thereof voted to accept the Plan.

**ARTICLE X.**
**MODIFICATIONS OF THE PLAN**

Pursuant to the provisions of § 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtor reserves the right to modify or alter the provisions of the Plan at any time prior to or subsequent to Confirmation.

**ARTICLE XI.**
**RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT**

Notwithstanding Confirmation, until entry of a final decree, the Bankruptcy Court may retain jurisdiction to ensure that the purposes and intent of the Plan are carried out.  Without limiting the generality of the foregoing, the Court may shall retain jurisdiction for the following purposes:

1.    Fixing and allowing any claim as a cost and expense of the administration of the Bankruptcy Case;

2.    Re-examining any claim that has been allowed;

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION –
Page 21

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

3. Hearing and determining objections to claims. The failure of the Debtor to object to, or to examine any claim for the purpose of voting, shall not be deemed to be a waiver of the Debtor's right to object to, or re-examine any claim in whole or in part;

4. Hearing and determining any action brought by the Post-Confirmation Debtor on behalf of the Estate seeking to avoid any transfer of an interest of the Debtor in property, or any obligation incurred by Debtor, that is avoidable pursuant to applicable law;

5. Hearing and determining all causes of action, controversies, disputes, or conflicts between or among the Debtor, and any other party, including those that were pending prior to Confirmation;

6. Hearing and determining all questions and disputes regarding title to the property of the Estate;

7. Correcting any defect, curing any omission, or reconciling any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purpose and intent of the Plan;

8. Issuing any order necessary to implement the Plan or Order of Confirmation, including, without limitation, such declaratory and injunctive orders as are appropriate to protect the Debtor, the Estate and the Post-Confirmation Debtor from actions of creditors, or other parties-in-interest;

9. Hearing and determining any dispute relating to the terms or implementation of the Plan or Order of Confirmation, or to the rights or obligations of any parties-in-interest with respect thereto; and

10. The modification of the Plan after Confirmation pursuant to the Bankruptcy Rules and the Bankruptcy Code in accordance with Article XI above.

*Remainder of page intentionally left blank*

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION – Page 22

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

# ARTICLE XII.

## ENTRY OF CLOSING ORDER BY THE BANKRUPTCY COURT

The Bankruptcy Court shall enter an order concluding and terminating the Bankruptcy Case upon application of the Post-Confirmation Debtor.

RESPECTFULLY SUBMITTED this 5th day of September, 2025.

AMITY COURT LLC

By /s/ *Stanley Xu*
Stanley Xu
Authorized Person

DEBTOR'S FIRST AMENDED PLAN OF LIQUIDATION –
Page 23

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2876 ii05d201n7

# EXHIBIT A

| Unit | Tenant Name |
|------|-------------|
| 100 | Olga Shade, LLC |
| 102 | Conant Lens |
| 103 | Cruise Center |
| 104 | Wenrui Art Studio, LLC |
| 105 | Kinese Studio |
| 106 | Mona Foundation |
| 110 | Sysmax Tech  Inc. |
| 202 | NSA Motors, LLC |
| 203 | Levite Construction Co. |
| 204 | Longwell Office II LLC |
| 205 | US Tiny Bear Corporation |
| 206 | InExt Staging |
| 208 | LuComm Technologies |
| 101A | AMG Financial |
| 101B | Silver Pacific Home Care and Staffing, LLC |
| 101C | OLGA Shade, LLC |
| 108A | S-On Chinese School LLC |
| 108B | Sudden Beauty, LLC |
| 109A | CYT Makeup and Hair Studio, LLC |
| 109B | Ruthwise Investment, LLC DBA BP College Conseling |
| 204A | Anna Lozhkina Photography |
| 204B | Signature Eyelash & Spa dba Babybear Beauty and Han Zhao |
| PARKING | Tesla |